**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2520-20

KATHLEEN FISHER and
ARNOLD WILLIAM FISHER,
JR., her husband,

     Plaintiffs-Appellants,

v.

KEAN UNIVERSITY,

     Defendant-Respondent.

_____

Argued March 7, 2022 – Decided March 29, 2022

Before Judges Messano, Accurso, and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7326-18.

William L. Gold argued the cause for appellants (Bendit Weinstock, PA, attorneys; William L. Gold, on the briefs).

Austin W.B. Hilton, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Acting Attorney General, attorney; Sookie Bae-Park, Assistant Attorney General, of counsel; Austin W.B. Hilton, on the brief).

PER CURIAM

Plaintiff Kathleen Fisher attended a high school soccer championship game sponsored by the New Jersey State Interscholastic Athletic Association (NJSIAA) at a stadium on the grounds of defendant Kean University (Kean). After the game finished and as she was leaving the stadium, plaintiff tripped and fell on a raised sidewalk, injuring her cervical spine. She ultimately underwent cervical spinal fusion surgery.

Plaintiff filed this complaint, alleging Kean negligently constructed or maintained the premises, or negligently failed to give proper warning of the dangerous condition of its property.[1] After discovery, Kean moved for summary judgment, arguing it was immune from liability under the Charitable Immunity Act (CIA) N.J.S.A. 2A:53A-7 to -11, and, alternatively, that plaintiff's injuries failed to meet the threshold requirements of the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to -12. See, e.g., Gilhooley v. Cnty. of Union, 164 N.J. 533, 540–41 (2000) ("[I]n order to vault the pain and suffering threshold under the Tort Claims Act," N.J.S.A. 59:9-2(d), "a plaintiff must satisfy a two-pronged

---

[1] Plaintiff's husband Arnold William Fisher, Jr., also asserted a per quod claim. Because his cause of action is wholly derivative of his wife's, we use the singular "plaintiff" throughout this opinion.

standard by proving (1) an objective permanent injury, and (2) a permanent loss of a bodily function that is substantial."). In support of its CIA immunity argument, Kean relied on the Court's opinion in Green v. Monmouth University, 237 N.J. 516 (2019).

Relying primarily on the Court's earlier opinion in Kuchera v. Jersey Shore Family Health Center, 221 N.J. 239 (2015), plaintiff argued there were disputed material facts as to whether Kean was furthering its educational purposes by hosting a high school athletic championship at its stadium. Because Kean was only entitled to CIA immunity if it was furthering its educational purposes, plaintiff argued summary judgment was inappropriate. She also contended her injuries met the requirements of N.J.S.A. 59:9-2(d).

In a comprehensive written opinion, Judge Mary F. Thurber correctly noted the three-prong test used to determine immunity under the CIA. As the Court stated in Green,

> an entity qualifies for charitable immunity when it (1) was formed for nonprofit purposes; (2) is organized exclusively for religious, charitable or educational purposes; and (3) was promoting such objectives and purposes at the time of the injury to plaintiff who was then a beneficiary of the charitable works.
>
> [237 N.J. at 530–31 (quoting Ryan v. Holy Trinity Evangelical Lutheran Church, 175 N.J. 333, 342 (2003)).]

3

The judge noted plaintiff did not dispute Kean satisfied the first two-prongs of the test.

Turning her attention to the third prong, Judge Thurber focused on the first portion of the test, i.e., whether Kean was promoting its educational purposes by permitting the NJSIAA to conduct its championship game at the university's stadium. The judge wrote:

> [T]he lesson from Green is that the court should focus on the stated purposes of the charitable defendant and give due recognition to the broad discretion and latitude the law grants charitable institutions for the methods of achieving their charitable objectives. Kean's mission statement expressly includes collaborating with educational and community organizations, which is exactly what it did in bringing together the high school soccer teams from multiple high schools to compete in the event.

The judge concluded plaintiff did "not offer[] facts from which a reasonable factfinder could conclude that Kean fail[ed] to meet the first inquiry of the third prong of the CIA test." She entered the April 1, 2020 order dismissing the complaint, and this appeal followed.[2]

Before us, plaintiff reiterates the arguments previously made in the Law Division, contending any determination of whether Kean was furthering its

_____

[2] The judge denied Kean's motion under the TCA; it has not filed a cross-appeal.

educational objectives by sponsoring a high school soccer tournament "required a fact-sensitive inquiry appropriate for resolution by the trier of fact," and Judge Thurber reached a "subjective conclusion" on that issue that was "unsupported by the record." We disagree and affirm.

We review the grant of summary judgment de novo, applying the same standard used by the trial court, which

> mandates that summary judgment be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."
>
> [Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).]

A dispute of material fact is "genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Grande v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). "'If there is no genuine issue of material fact,' then we must 'decide whether the trial court correctly interpreted the law.'" Richter v. Oakland Bd. of Educ., 459 N.J. Super. 400, 412 (App. Div. 2019) (quoting DepoLink Ct.

Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013)).

"[A] trial court's determination of the applicability of charitable immunity is reviewed de novo because an organization's right to immunity raises questions of law." Green, 237 N.J. at 529 (citing Est. of Komninos v. Bancroft Neurohealth, Inc., 417 N.J. Super. 309, 318 (App. Div. 2010)); see also Palisades At Fort Lee Condo. Ass'n v. 100 Old Palisade, LLC, 230 N.J. 427, 442 (2017) (holding review of legal questions is de novo, owing no deference to the motion judge's analysis or interpretation of a statute (citing Zabilowicz v. Kelsey, 200 N.J. 507, 512 (2009))).

The motion record included a certification from Kean 's Acting Director of Athletics, Matthew Caruso. Caruso asserted that at the time of plaintiff's accident. Kean was: 1) a "non[-]profit organization"; 2) "organized exclusively for charitable and educational purposes"; and 3) "promoting its charitable and educational objectives by hosting the NJSIAA Girls Soccer Championships." Although a copy of Kean's mission statement is not in the appellate record, it was referenced by Judge Thurber in her written decision, and it is apparently undisputed that the mission statement provides:

> The University dedicates itself to the intellectual, cultural, and personal growth of all its members —

> students, faculty, and professional staff. In particular,
> the University prepares students to think critically,
> creatively and globally; to adapt to changing social,
> economic, and technological environments; and to
> serve as active and contributing members of their
> communities.
>
> . . . .
>
> Kean is an interactive university, and . . . serves
> as a major resource for regional advancement. Kean
> collaborates with business, labor, government and the
> arts, as well as educational and community
> organizations and provides the region with cultural
> events and opportunities for continuous learning.

Plaintiff contends that whether a nonprofit entity's activities are consistent with its stated charitable or educational purposes frequently necessitates a "fact-sensitive inquiry." Kuchera, 221 N.J. at 252. We agree with that general proposition. However, the issue in Kuchera was whether a nonprofit family health care facility located at a regional hospital was subject to the absolute immunity provided by N.J.S.A. 2A:53A-7, or only entitled to the limited immunity protections of N.J.S.A. 2A:53A-8 applicable to organizations "organized exclusively for hospital purposes." Id. at 241–42 (quoting N.J.S.A. 2A:53A-8). The Court concluded:

> Whether a nonprofit organization is entitled to
> charitable immunity or subject to the limitation on
> damages afforded to those institutions organized
> exclusively for hospital purposes turns on the purpose

7

of the institution, not the use to which the facility is put on any given day. Here, the site of plaintiff's fall was part of a nonprofit health care corporation organized exclusively for hospital purposes. Defendants therefore are not entitled to absolute immunity for a lack of due care in the maintenance of their facility. Rather, they are entitled to the limitation of damages afforded to those nonprofit institutions organized exclusively for hospital purposes.

[Id. at 242.]

Kuchera has little application to the issue presented here, i.e., whether hosting a high school soccer tournament was, as a matter of law, consistent with Kean's educational purposes.

We begin by noting "our cases have afforded to nonprofit institutions, whether educational, religious or charitable, substantial latitude in determining the appropriate avenues for achieving their objectives." Bloom v. Seton Hall Univ., 307 N.J. Super. 487, 491 (App. Div. 1998). "[T]he term 'educational' has been broadly interpreted and not limited to purely scholastic activities." Orzech v. Fairleigh Dickinson Univ., 411 N.J. Super. 198, 205 (App. Div. 2009) (quoting Bloom, 307 N.J. Super at 492); see also Roberts v. Timber Birch-Broadmoore Athletic Ass'n, 371 N.J. Super. 189, 194 (App. Div. 2004) ("[A] nonprofit corporation may be organized for 'exclusively educational purposes' even though it provides an educational experience which is 'recreational' in

nature." (alteration in original) (quoting Morales v. N.J. Acad. of Aquatic Scis., 302 N.J. Super. 50, 54 (1997))); Bloom, 307 N.J. Super. at 491–92 (holding university's operation of a for-profit pub on campus was consistent with its educational objectives).

Judge Thurber relied on the Court's opinion in Green. There, the plaintiff, who was not a student, was injured while attending a public concert held in the university's facility, and, in part, the Court considered "whether, in hosting the concert, the [u]niversity was engaged in performing the educational objectives it was organized to promote." 237 N.J. at 520. The university's certificate of incorporation specifically said one of its purposes was to promote "general cultural education," and "[t]o provide for the holding of meetings and events open to the public, including . . . concerts, . . . calculated, directly or indirectly, to advance the cause of education and wholesome recreation." Id. at 521. Like plaintiff here, the plaintiff in Green argued "there were disputed issues of material fact that should have been submitted to the jury, particularly whether the [u]niversity was motivated by an educational or financial purpose and whether the concert was educational." Id. at 527 (emphasis added).

The Court recognized "[a]lthough some nonprofits 'provide a wide range of services beyond their core purpose,' such activities do not eviscerate their

entitlement to immunity 'as long as the services or activities further the charitable objectives [the entities were] organized to advance.'" Id. at 531–32 (second alteration in original) (quoting Kuchera, 221 N.J. at 252–53). After surveying the case law, including our decisions in Orzech and Bloom, the Court observed, "Courts have found institutions offering an array of services to be educational in nature and have found a broad variety of activities offered by educational institutions to advance their educational objectives." Id. at 536.

The Court said, "While the purpose set forth in an organization's certificate of incorporation is not conclusive, the organization's stated purpose is a useful factor for courts to consider." Id. at 538 (citing DeVries v. Habitat for Human., 290 N.J. Super. 479, 485 (App. Div. 1996)). Holding a concert at the university was "undisputedly an activity encompassed by the [u]niversity's certificate of incorporation as an event that furthered the [u]niversity's educational purpose." Ibid. The Court affirmed our judgment that the CIA applied. Id. at 540.

In this case, Kean's mission statement specified its intention to prepare its students to "serve as active and contributing members of their communities," by attending "an interactive university" that "collaborate[d] with business, labor, government and the arts, as well as educational and community organizations."

(emphasis added). We agree with Judge Thurber that no reasonable factfinder could conclude Kean was not promoting its stated educational objectives by hosting a high school soccer championship game sponsored by the NJSIAA at its stadium.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11                                                                          A-2520-20